IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JESUS GARCIA LEE                                                                          PLAINTIFF

VS.                                                                CIVIL ACTION NO. 3:13cv987-FKB

INVESTIGATOR UNKNOWN RICE, ET AL.                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

The Court held an omnibus hearing[1] in this matter, at which time it conferred with Plaintiff and counsel for Defendants in this suit founded upon 42 U.S.C. § 1983. At that hearing, the parties consented to have a United States Magistrate Judge conduct any and all further proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order of reference. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Lee is proceeding in this matter *in forma pauperis* and *pro se*.

In this action, Lee alleges that Defendants violated his constitutional rights during his confinement at East Mississippi Correctional Facility ("EMCF"). In his complaint, Lee claims that on August 18, 2012, he was assaulted by another inmate at the urging of an EMCF employee, defendant Rebecca Clarke.[2] Plaintiff also asserts claims against other EMCF defendants regarding their investigation of the alleged incident. [1, 8]. Plaintiff signed his complaint on September 27, 2012, and it was filed in this Court on November 20, 2012. [1] at 1, 4.

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

[2] Although the Court on May 15, 2014, ordered service of process as to Rebecca Clarke and another defendant, Jason Jones, there is no indication on the docket that service has been effected.

Pending before the Court is Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [21].  Plaintiff has failed to file a written response to this Motion, despite the Court's order to respond.  <u>See</u> Text Only Order 12/4/13.[3]  Defendants assert that Lee has failed to exhaust his administrative remedies regarding these claims, and they present an affidavit from the Administrative Remedy Program ("ARP") Clerk at EMCF in support of the Motion. [21-1]. In the affidavit, the ARP Clerk states that Lee has not submitted any ARP requests regarding an alleged August 18, 2012, incident.  <u>Id.</u>  The ARP Clerk further states that Lee has failed to submit any ARP requests regarding Defendants Rice, Dykes, Shaw, Avalego, or Jones related to the alleged August 18, 2012, incident.  <u>Id.</u>

As stated above, the Court held an omnibus hearing in this matter, at which time the Court received testimony regarding Defendants' Motion for Summary Judgment.  Lee does not allege that he suffered any physical injury or ailment which would have prevented him from completing the Administrative Remedy Program.  He testified that he submitted a complaint to the ARP, but he never received a response from prison officials.  Based on the record before the Court, it does not appear that he exhausted his administrative remedies regarding his claims.

Statutory and case law require a prisoner to exhaust administrative remedies, regardless of the relief sought, before bringing a § 1983 action in federal court.  The relevant portion of 42 U.S.C.§ 1997e, as amended by the Prison Litigation Reform Act of 1995 (PLRA), states the following:

---

[3] The Court again reminded Plaintiff that he had failed to respond to the Motion for Summary Judgment in a Show Cause Order [36] issued on June 19, 2014.  Plaintiff has also failed to respond to the Show Cause Order by the show cause deadline of July 2, 2014.  However, the parties' Consent Form [37], executed by Plaintiff, was filed on July 7, 2014.

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000). In <u>Booth v. Churner</u>, 121 S.Ct. 1819 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. <u>Booth</u>, 121 S.Ct. at 1825. The United States Supreme Court further explained that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. See <u>Porter v. Nussle</u>, 122 S.Ct. 983 (2002); <u>see also Jones v. Bock</u>, 127 S.Ct. 910 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

The United States Court of Appeals for the Fifth Circuit has reiterated the principles found in these cases. In <u>Gonzales v. Seal</u>, 702 F.3d 785 (5th Cir. 2012), the Fifth Circuit recognized that exhaustion of administrative remedies prior to suit is mandatory, and that district courts have no discretion to stay § 1983 prisoner cases when they are filed before prisoners have exhausted administrative remedies. The Fifth Circuit concluded, as follows:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

<u>Id.</u> at 788. Moreover, "[i]t is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." <u>Walker v. East Miss. Corr. Facility</u>, 2013 WL 4833901 (S.D. Miss. Sept. 11,

2013)(citing Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001)(finding that filing an initial grievance, without more, did not equate to exhaustion)); see also Tompkins v. Holman, 2013 WL 1305580 (S.D. Miss. Mar. 26, 2013)(dismissing § 1983 complaint for failure to exhaust administrative remedies when prisoner filed a grievance, but did not complete the ARP before filing his lawsuit).

Plaintiff admits that he has not exhausted his administrative remedies prior to bringing this suit, as is required by the PLRA. At the omnibus hearing, Lee contended that he filed a grievance as a part of the Administrative Remedy Program and that he never received a response. Nevertheless, at the omnibus hearing Lee admitted that he has no copy of the grievance.

Furthermore, it is evident that Lee is familiar with MDOC's ARP process and the PLRA's requirement of exhaustion of administrative remedies before filing a § 1983 action in federal court, as Lee has filed several § 1983 actions in this Court. See Lee v. EMCF Security, Civil Action No. 3:13cv961-LRA (complaint filed prior to this action; admitting in complaint that he had not exhausted ARP)(pending case); Lee v. MDOC, Civil Action No. 4:12cv20-CWR-LRA (admitting in complaint that he did not complete the ARP)(case dismissed on August 29, 2012, for failure to prosecute); Lee v. Olsen, Civil Action No. 1:10cv67-LG-RHW (admitting in complaint that he never received a response to his grievance in county jail; complaint signed and dated three weeks after incident forming basis of complaint)(case dismissed on June 15, 2011, for failure to effect service timely and for failure to state a claim).

Lee does not allege that he suffered from any ailment which prohibited him from pursuing administrative remedies. See Ferrington v. Louisiana Department of Corrections, 315

F.3d 529 (5th Cir. 2002)(Plaintiff-inmate's blindness did not excuse him from exhausting administrative remedies.); see also Days v. Johnson, 322 F.3d 863 (5th Cir. 2003)(excusing non-exhaustion of administrative remedies because of physical injury and subsequent rejection of grievance due to untimeliness).  Moreover, his request for monetary damages does not excuse exhaustion.  Porter v. Nussle, 122 S.Ct. 983, 988 (2002)("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.").  Exhaustion is mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 739 (2001).  Put another way, "[t]he requirement of exhaustion applies regardless of Plaintiff's opinion on the efficacy of the institution's administrative remedy program." Nealy v. Moore, 2013 WL 6230107, *3 (S.D. Miss. Nov. 30, 2013)(citing Alexander v. Tippah Co., 351 F.3d 626, 630 (5th Cir. 2003)).

     Although he testified at the omnibus hearing that he filed a grievance as a part of the ARP, this bare, unsubstantiated allegation simply is not enough to withstand a properly supported motion for summary judgment.  Id.; see also Ryan v. Phillips, 558 Fed. Appx. 477, 478 (5th Cir. 2014)(Prisoner's "conclusory and unsubstantiated assertion that he initiated the applicable grievance procedure is insufficient to refute the lack of evidence that he filed any informal or formal grievances.").  The Court does not, "in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted).  Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), is not satisfied by "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated

assertions,' or by only a 'scintilla' of evidence." Little, 37 F.3d at 1075.

Moreover, Lee's case can be likened to Walker in that he initiated the process, but did not carry it through to its conclusion before filing a § 1983 action. Walker, 2013 WL 4833901. "Plaintiff's opinion that the ARP process was ineffective in his case is insufficient to overcome Supreme Court precedent mandating exhaustion of remedies available under the ARP." Id. at *2. Likewise, it appears that in this case, as in his other previously filed cases before this Court, Lee failed to give the ARP system sufficient time to address his grievances before he initiated the action. As noted above, the initial incident about which Lee complains allegedly occurred on August 18, 2012, and his original complaint is signed and dated less than six weeks later, on September 27, 2012.

Accordingly, for these reasons, the Court grants Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. Therefore, the Court finds that this action should be dismissed based on Plaintiff's "failure to state a claim upon which relief may be granted, predicated on the failure to exhaust administrative remedies." See Emmett v. Ebner, 423 F. App'x 492 (5th Cir. 2011). This dismissal will count as a "strike" pursuant to 28 U.S.C. § 1915(g). A separate judgment will be entered. Fed. R. Civ. P. 58.

SO ORDERED, this the 9th day of September, 2014.

          /s/ F. Keith Ball  
          UNITED STATES MAGISTRATE JUDGE